IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Daniel R. Moxley, Inc. | * | Case No. 09-23016 (Chapter 11) |
| Debtor. | * | |
| * * * * * * * * | | |
| DANIEL R. MOXLEY, INC.<br>1557-A Tilco Drive<br>Frederick, MD 21704 | * | Adversary No._____ |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| KETTLER BROTHERS HOMES, L.L.C.<br>c/o James M. Kettler<br>9426 Stewartown Road, Suite 3B<br>Montgomery Village, MD 20852 | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

## DEBTOR'S COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, AND *QUANTUM MERUIT*

Daniel R. Moxley, Inc. (the "Debtor" or "Plaintiff"), for its Complaint for Breach of Contract, Unjust Enrichment, and Quantum Meruit, hereby avers as follows:

1. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1334 and 28 U.S.C. §157(a).

2. Venue of this proceeding is proper in this Court pursuant to the provisions of 28 U.S.C. § 1409(a).

3. This proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(E) and (O).

4. Kettler Brothers Homes, L.L.C. (the "Defendant"), is a limited liability company doing business in Maryland.

5. On or about July 17, 2009 (the "Petition Date"), Daniel R. Moxley, Inc., (the "Debtor") filed a petition in this Court seeking relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor continues in this case as Debtor in possession, having all the rights of a trustee under Section 1108 of the Bankruptcy Code.

### First Claim for Relief – Breach of Contract

6. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 5 as if the same were set forth herein in full.

7. The Plaintiff fully and correctly performed excavating, paving or other construction services for the Defendant according to the terms and conditions of the agreement between the parties.

8. According to the Debtor's books and records, the sum of $2,000.00 remains due and owing from the Defendant to the Plaintiff for work performed.

9. The Defendant has failed and refused to pay the Debtor this sum notwithstanding demand made.

10. The Defendant's failure to pay the Plaintiff for the work performed is a breach of the contract between the Plaintiff and the Defendant.

11. As a direct and proximate result of the Defendant's breach of its contract with the Plaintiff, the Plaintiff and this estate have incurred damages in the amount of $2,000.00.

### Second Claim for Relief – Unjust Enrichment

12. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if the same were set forth herein in full.

13. The Plaintiff provided the Defendant with excavating and paving services as requested and directed by the Defendant.

14. The Plaintiff's provision of said services to the Defendant has resulted in a benefit to the Defendant at the expense of the Plaintiff.

15. The value of benefit to Defendant is $2,000.00.

16. The Defendant was aware of, and had knowledge of the benefits conferred upon the Defendant by the Plaintiff.

17. It would be unjust for the Defendant to retain the benefit without paying for it.

18. The Debtor and this estate are entitled to reimbursement of all funds upon which the Defendant has been unjustly enriched.

### Third Claim for Relief – Quantum Meruit

19. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if the same were set forth herein in full.

20. The Debtor provided the Defendant with excavating and paving services as requested and directed by the Defendant.

21. The Defendant was aware of, and had knowledge of the benefits conferred upon the Defendant by the Plaintiff.

22. The Defendant's acceptance of and retention of the said services provided by the Debtor make it inequitable for the Defendant to retain the benefit without paying for it.

23. All services provided by the Debtor were rendered under such circumstances that the Defendant knew that the Debtor expected to be paid.

24. On many occasions, the Debtor advised thee Defendant that it expected to be compensated for the value of the services rendered.

25.     The reasonable value of the services provided to the Defendant by Debtor amounts to $2,000.00.

WHEREFORE, the Plaintiff requests that this Court enter Judgment:

A.      In favor of the Plaintiff and against the Defendant in the amount of $2,000.00;

B.      Awarding the Debtor attorneys' fees and costs of suit; and

C.      Granting such other and further relief as this Court deems just and proper.

/s/_____
RONALD J. DRESCHER
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000

Counsel for the Plaintiff